IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DE'KELVIN RAFAEL MARTIN, | * | CIVIL ACTION NO. |
| | * | 1:18-cv-4617 |
| PLAINTIFF, | * | |
| v. | * | |
| | * | |
| GREGORY DOZIER, Commissioner, | * | |
| Georgia Dep't of Corrections,[1] | * | |
| | * | |
| | * | |
| BENJAMIN FORD, Warden, | * | |
| Georgia Diagnostic and | * | |
| Classification Prison, | * | |
| | * | |
| | * | |
| DEFENDANTS. | * | |

## DEFENDANTS' ANSWER AND DEFENSES

CHRISTOPHER M. CARR     112505
Attorney General

BETH A. BURTON     027500
Deputy Attorney General

SABRINA GRAHAM     305755
Senior Assistant Attorney General

CHANNELL V. SINGH     216540
Assistant Attorney General

---

[1] Timothy Ward is the current Commissioner of the Georgia Department of Corrections.

1

Come now, Defendants Gregory Dozier and Benjamin Ford, by and through counsel, Christopher M. Carr, Attorney General for the State of Georgia, and file their Defenses and Answer to Plaintiff's complaint as follows:

## FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendants deny that Plaintiff has been subjected to the deprivation of any rights, privileges, or immunities secured by the Constitution or laws of the United States or the State of Georgia by Defendants.

## THIRD DEFENSE

Plaintiff failed to exhaust administrative remedies.

## FOURTH DEFENSE

Defendants reserve the right to raise any other defenses allowed by law at such time as the allegations are more specifically pled or as the contentions are more fully developed.

## FIFTH DEFENSE

Without waiving any of the foregoing defenses, Defendants submit the following responses to the allegations of the complaint:

1.

In response to the first six pages of the complaint, which appear to be a statement of beliefs and speculations concerning executions in Georgia, as well as a purported explanation for the litigation, Defendants deny that the execution procedures in Georgia violate any constitutional rights or fail to comply with current standards for executions.

2.

In response to paragraph 1 of the complaint, Defendants admit that the Court has jurisdiction over the subject matter, and admit that they are subject to the Court's jurisdiction.

3.

In response to paragraph 2 of the complaint, Defendants admit that venue in the Northern District of Georgia is proper.

4.

In response to paragraph 3 of the complaint, Defendants admit that Plaintiff is presently incarcerated in Jackson, Georgia for murder, and is sentenced to be executed. *Martin v. State*, 298 Ga. 259 (2015).

5.

In response to paragraph 4 of the complaint, Gregory Dozier is no longer the Commissioner of the Georgia Department of Corrections. Timothy Ward is now Commissioner.

6.

In response to paragraph 5 of the complaint concerning the parties, Defendants admit that Benjamin Ford is the Warden of the Georgia Diagnostic and Classification Prison in Jackson, Georgia. Defendant Ford's duties and responsibilities are set forth by statute, which speaks for itself. To the extent that Plaintiff's allegations are consistent with the statute, they are admitted; to the extent that they are inconsistent, they are denied.

7.

In response to paragraphs 7 and 8 of the complaint concerning his sentence, Defendants admit that Plaintiff has been sentenced to death for his

crimes, and that upon the resolution of challenges to his conviction, the sentence will be carried out.

8.

In response to paragraphs 9 and 10 of the complaint, concerning the method of execution, Defendants admit that Plaintiff is to be executed by lethal injection, set forth by O.C.G.A. § 17-10-38, which speaks for itself.

9.

In response to paragraph 11 of the complaint concerning Georgia's lethal injection protocol, Defendants aver that the protocol is as described in *Gissendaner v. Ga. Dep't of Corr.*, 779 F.3d 1275 (11th Cir. 2015).

10.

In response to paragraph 12 of the complaint, Defendants aver that the Georgia Department of Corrections has executed 20 prisoners with compounded pentobarbital.[2] Defendants admit that there is a range in time for the duration of previous executions, but neither admit nor deny the exact timelines.

---

[2] Another execution was carried out by Defendants since the filing of Plaintiff's complaint on November 13, 2019.

11.

In response to paragraph 13 of the complaint, Defendants deny the contentions that that executed inmates suffered significant fluid congestion in their lungs or fulminant pulmonary edema. Defendants answer further averring that the inmates receive enough pentobarbital to render them unconscious.

12.

In response to paragraphs 14 and 15 of the complaint, Defendants admit that the Plaintiff's Eighth Amendment challenge falls under the standard announced by the Supreme Court in *Baze v. Reese*, 553 U.S. 35 (2008) and *Glossip v. Gross*, 135 S. Ct. 2726, 2733 (2015).

13.

In response to paragraph 16 of the complaint, Defendants deny that the Plaintiff can meet the showing required by *Baze* and *Glossip*.

14.

In response to paragraphs 17 through 22 of the complaint, Defendants admit that the drugs utilized are lethal, but deny all other contentions, including any allegations regarding misuse of and the execution procedure in

Georgia. Defendants deny that Georgia's procedures violate any constitutional rights and further deny the contentions of any impropriety or that the condemned in past executions were subject to cruel and unusual punishment.

15.

In response to paragraph 23 of the complaint, Defendants admit that they use pentobarbital that has been compounded by a pharmacy. Defendants deny all other contentions.

16.

In response to paragraph 24 of the complaint, Defendants deny that they have "botched" any executions and aver that rather than showing a constitutional violation, the execution of Kelly Gissendaner, establishes Defendants are attentive and ensure that the procedure is not cruel and unusual.

17.

In response to paragraph 25 of the complaint, Defendants deny any and all contentions.

18.

In response to paragraphs 26 and 27 of the complaint, Defendants deny the contentions of Plaintiff and submit that officials involved in the process undergo training. With regard to medical assistance for the condemned, Defendants aver that a doctor is present at the execution and nurse is present in the execution chamber to observe intravenous flow. (Plaintiff's Exhibit 1 at 5).

19.

In response to paragraphs 28 through 30 of the complaint, concerning the likelihood of alleged miscommunication and remote observations, Defendants deny the contentions and deny any and all constitutional violations. Additionally, Defendants aver that the protocol requires that throughout the lethal injection process, an IV nurse will monitor the progress of the injection to ensure proper delivery of chemicals and to monitor for any signs of consciousness. (Plaintiff's Exhibit 1 at 5). "If the IV [n]urse in the execution chamber observes a problem with the intravenous flow, the [n]urse will inform the attending [p]hysician, who will inform the Warden as to whether or not using an alternative intravenous access is appropriate." *Id.*

After sufficient time, if there are visible signs that the inmate is still awake despite administration of the drug, the Injection Team administers an additional five grams of pentobarbital, followed by a saline flush. *Gissendaner*, 779 F.3d at 1278.

20.

In paragraphs 31 through 33 of the complaint, Defendants deny any pattern of maladministration and error. Defendants deny the contentions as stated about alleged pain or alleged consciousness. Defendants answer further by stating that Georgia ensures that unconsciousness is achieved by administering five grams of pentobarbital.

21.

In response to paragraph 34 of the complaint, Defendants deny any failure to ensure the continuous and effective infusion of pentobarbital.

22.

In response to paragraph 35 of the complaint, Defendants deny any history and pattern of maladministration.

23.

In response to paragraphs 36, Defendants deny a risk of pain under the current protocol. Further, Defendants deny that any of Plaintiff's constitutional rights have been, or will be violated.

24.

In response to paragraph 37, Defendants deny that its current protocol is defective and deny any alternatives are "straightforward and easily available."

25.

In response to paragraphs 38-40, concerning additional safeguards and training, the Georgia safeguards and training are not unconstitutional. Further, Defendants deny that any of Plaintiff's constitutional rights have been, or will be violated.

26.

In response to paragraphs 41-44 concerning execution by firing squad, Defendants deny that the method is "known and available" in Georgia. Defendants deny that Georgia "could easily identify qualified personnel to carry out an execution by firing squad." Further, Defendants deny that any of Plaintiff's constitutional rights have been, or will be violated.

27.

Defendants do not have sufficient information to admit or deny that portion of paragraph 43 in which Plaintiff alleges that Georgia "has a sufficient stockpile of both the weapons and ammunition necessary to carry out an execution," and therefore denies same.

28.

Defendants do not have sufficient information to admit or deny that portion of paragraph 44 regarding the risk, pain ore reliability of using a firing squad as a method of execution, and therefore deny same. Defendants deny that there a substantial risk of severe pain under Georgia's current protocol.

29.

In response to paragraphs 45- 47 of the complaint, Defendants admit that the condemned has a constitutional right to be free from cruel and unusual punishment. Defendants deny that Plaintiff's equal protection rights, or any other of Plaintiff's constitutional rights, have been or will be violated.

30.

In response to paragraphs 48-54 concerning alleged "deviations" of the written protocol, Defendants deny that they have deviated from the current

protocol or have applied the protocol in any "inconsistent" or "arbitrary" manner. Defendants also deny that the current protocol violates the Constitution, causes cruel and unusual punishment, or will violate any of Plaintiff's rights. Defendants aver that the protocol is consistent with the manner and method of execution accepted throughout the county.

31.

In response to paragraph 53, Defendants deny that members of the execution team are not trained about how to implement the protocol and deny that they have not taken safeguards to present "flawed and arbitrary administration" of the protocol.

32.

In response to his "Prayer for Relief," Defendants deny that the Plaintiff is entitled to the relief requested or any relief whatsoever.

33.

Any averment contained in the complaint or the attached declarations not herein specifically admitted, denied, or otherwise controverted is hereby denied.

Respectfully submitted,

Christopher M. Carr                      112505
Attorney General

BETH A. BURTON                           027500
Deputy Attorney General

SABRINA GRAHAM                           305755
Senior Assistant Attorney General

/s/ *Channell V. Singh*
CHANNELL V. SINGH                        216540
Assistant Attorney General

## CERTIFICATE OF COMPLIANCE

This document complies with the font and point selections approved by the court in LR 5.1B because this document has been prepared using Microsoft Office Word 2010 in 13 point Century Schoolbook font.

/s/ *Channell V. Singh*
Channell V. Singh
Assistant Attorney General

# CERTIFICATE OF SERVICE

I do hereby certify that I have this day, the 13th of December, 2019, electronically filed this pleading with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

>Gerald W. King, Jr.
>Nathan Potek
>Federal Defender Program, Inc.
>Suite 1500, Centennial Tower
>101 Marietta Street, NW
>Atlanta, GA 30303

>/s/ *Channell V. Singh*
>Channell V. Singh
>Assistant Attorney General