# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DE'KELVIN RAFAEL MARTIN,           )<br>                                                         )<br>    Plaintiff,                                    )<br>                                                         )<br>v.                                                     )<br>                                                         )<br>TIMOTHY WARD, Commissioner, )<br>    Georgia Department of Corrections;  )<br>                                                         )<br>                                                         )<br>BENJAMIN FORD, Warden,           )<br>    Georgia Diagnostic and                 )<br>    Classification Prison;                    )<br>                                                         )<br>    Defendants.                                )<br>_____) | Civil Action No.<br>1:18-cv-04617-MLB |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANTS

Plaintiff De'Kelvin Rafael Martin ("Plaintiff") pursuant to Federal Rules of Civil Procedure 26 and 33, hereby serves his First Set of Interrogatories Directed to Defendants. Plaintiff requests that Defendants respond fully to each of the following Interrogatories in writing and under oath within (30) days of service.

## DEFINITIONS

1. "Action" means the above-captioned matter.

2. "Communication" and any variant thereof shall mean any conversations or oral or written contact, formal or informal, at any time or place, and under any circumstances whatsoever, whereby information of any nature was transmitted or transferred. It includes, but is not limited to, meeting, telephones, conversations, discussions, correspondence, reports, executive summaries, briefings, oral requests for information, memoranda, data processing, pictures, recordings, voice mail messages, email messages, and text messages.

3. "Concerning" and any variant thereof means, without limitations, constituting, referring to, alluding to, responding to, relating to, connected with, commenting upon, in respect to, about, regarding, discussing, showing, contrasting, comparing, contradicting, describing, reflecting, or analyzing.

4. "GDC" means Georgia Department of Corrections.

5. "Identify" when used with respect to persons means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

6. "Identify" when used with respect to Documents means to give, to the extent known, the: (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

7. "Person" or "Persons" includes natural persons, corporations, companies, partnerships, trusts, firms, joint ventures, proprietorships, estates, agencies, departments, or bureau (governmental or private), groups, associations, organizations, and all other forms of business, governmental, or juridical person or other entity.

8. "Public Affairs Officer" means an employee of the Office of Public Affairs for the Georgia Department of Corrections.

9. "Related to," "Relating to," "Refer," "Referring to," or "Regarding" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

10. "You," "Your," "Yours," or "Defendants" means Timothy Ward and Benjamin Ford, both individually and collectively, and all persons or entities acting on their behalf or pursuant to their direction or request.

11. Unless given a specific definition in these requests, each word or term used shall be given its usual and customary dictionary definition, except where such words have a specific custom and usage definition in Your trade or industry, in which

case they shall be interpreted in accordance with such usual custom and usage definition of which You are aware. In construing the following requests: (a) the singular shall include the plural and the plural shall include the singular; (b) a masculine, feminine, or neutral pronoun shall not exclude the other genders; (c) the past tense includes the present tense; (d) the terms "any" or "all" shall be understood to mean "any and all"; and (e) the terms "and" and "or" shall be read in the conjunctive or disjunctive or both, such that the request is understood in the most expansive manner.

12.     Unless otherwise stated, any reference in these requests to a title, position, term, or assignment which appears in the July 17, 2012 Lethal Injection Procedures for the Georgia Department of Corrections and the Georgia Diagnostic and Classification Prison, shall have the meaning assigned to it by that document.

## INSTRUCTIONS

1.     You are required to comply with this request under the provisions of Rules 26 and 33 of the Federal Rules of Civil Procedure. In accordance with Rule 33(b)(4) of the Federal Rules of Civil Procedure, you have the right to object to any interrogatory, or part thereof, but you must state the specific ground for the objection. All information called for by those portions of the interrogatory to which there is no objection shall be answered.

2. If you object to any interrogatory on the ground of over-breadth, you are instructed to respond to the interrogatory as narrowed to conform to your objection.

3. If you encounter any ambiguity in construing an interrogatory, or the Definition or Instruction relevant to the interrogatory, set forth the matter deemed "ambiguous" and set forth the construction chosen or used in responding.

4. If any information required to answer any interrogatory or sub-part is withheld on the basis of any privilege or protection, or is contained in a privileged document or communication, please provide a statement of the basis upon which the asserted privilege or protection is claimed.

5. If you cannot answer in full the following interrogatories, after exercising due diligence to secure the information necessary to do so, so state and answer to the fullest extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

6. Each interrogatory calls for information known by or available to you or from any source in your possession, custody, or control, wherever situated, including, but not limited to, information available to you through reasonable inquiry, including inquiry of your representatives and agents.

7. Unless otherwise stated, these interrogatories seek information regarding the time period from January 1, 2012 through the present (the "Relevant Time Period"). All requests refer to the Relevant Time Period and shall include all documents and information that relate to, were referenced, or were in effect during the Relevant Time Period, even if first prepared, generated, received, or published outside of the Relevant Time Period.

8. These interrogatories are of a continuing nature and require supplemental responses under Federal Rule of Civil Procedure 26(e). You are obligated to amend or seasonably supplement your responses if you obtain additional information or if you determine that the information provided is no longer correct.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each Person involved in the adoption and/or implementation of Georgia's current lethal injection protocol, including each Person's full name, title, affiliation, office, department, and role to the extent applicable, including, but not limited to Defendants' employees who have procured or presently procure drugs, supplies, or equipment for use in lethal injections; or any medical personnel or experts consulted or retained by Defendants.

**INTERROGATORY NO. 2:**

Identify each Person involved in the administration of Georgia's current lethal injection protocol, including in the execution of Andrew Allen Cook, including each Person's full name, title, affiliation, office, department, and role to the extent applicable, including but not limited to any Public Affairs Officer, Deputy Warden, assistants, physicians, members of Defendants' IV team and IV Nurses, corrections officers who serve or have served on Defendants' Special Escort Team for executions, members of Defendants' Injection Team for executions, security personnel, or chaplains who have participated during the Relevant Time Period or presently participate in executions; participants and supervisors in the Critical Incident Debriefing Team meetings following executions; the pharmacies and pharmacists who have compounded or presently compound drugs for use in lethal injections; any medical examiner who has conducted autopsies or presently conducts autopsies of executed prisoners; or any individuals designated as State's witnesses who have witnessed executions.

**INTERROGATORY NO. 3:**

Identify all suppliers and manufacturers of equipment used under Georgia's current lethal injection protocol, including in the execution of Andrew Allen Cook, including full name, contact information, and an itemization of equipment involved.

**INTERROGATORY NO. 4:**

Identify all manufacturers, suppliers, distributors, procurement officers, and providers of drugs or other substances used under Georgia's current lethal injection protocol, including in the execution of Andrew Allen Cook, including full name, contact information, and the drug or other substances involved.

**INTERROGATORY NO. 5:**

Identify all pharmacies and pharmacists who, during the Relevant Time Period, have compounded drugs or other substances used in Georgia's current lethal injection protocol, including full name, contact information, and the drug or other substances involved.

**INTERROGATORY NO. 6:**

Identify all Persons who, during the Relevant Time Period, have prescribed drugs for use in executions under Georgia's current lethal injection protocol, including each Person's full name, title and qualifications, such as, but not limited to, education, experience, certifications, and/or training.

**INTERROGATORY NO. 7:**

Describe and identify any state-mandated qualifications for any position that includes in its duties the administration of Georgia's current lethal injection protocol, including but not limited to education, experience, certifications, and/or training.

**INTERROGATORY NO. 8:**

Identify and describe each instance in which a Critical Incident Debriefing was conducted following an execution, including but not limited to the identification of those in attendance, the name of the condemned, the date, the location, and any documents created in preparation for, during, or memorializing that debriefing.

**INTERROGATORY NO. 9:**

Identify and describe each alternative method of execution considered during the adoption of Georgia's current lethal injection protocol.

**INTERROGATORY NO. 10:**

Identify each individual who participated in the drafting, implementation, or adoption of the Georgia Lethal Injection Secrecy Act.

**INTERROGATORY NO. 11:**

Do you contend that execution by firing squad is not a feasible, readily implemented alternative to execution by lethal injection in this state? If so, provide the entire factual and legal basis for your contention.

This 20th day of February, 2020.

By: */s/ Danielle Chattin*
John C. Toro
J. Andrew Pratt
Danielle Chattin
Elliott A. Foote

9

          Morgan Bridgman
          KING & SPALDING LLP
          1180 Peachtree Street N.E.
          Atlanta, Georgia 30309
          (404) 572-4600

          Gerald W. King, Jr.
          Nathan Potek
          Federal Defender Program, Inc.
          101 Marietta Street, Suite 1500
          Atlanta, Georgia 30303
          (404) 688-7530

          *Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DE'KELVIN RAFAEL MARTIN, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>TIMOTHY WARD, Commissioner, )<br>    Georgia Department of Corrections; )<br>)<br>)<br>BENJAMIN FORD, Warden, )<br>    Georgia Diagnostic and )<br>    Classification Prison; )<br>)<br>    Defendants. )<br>_____) | Civil Action No.<br>1:18-cv-04617-MLB |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, the 20th of February, 2020, I served the foregoing **PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANTS** to the following attorneys of record:

>Sabrina D. Graham
>Senior Assistant Attorney General
>Channell V. Singh
>Assistant Attorney General
>40 Capitol Square, SW
>Atlanta, Georgia 30334

*/s/ Danielle Chattin*
Danielle Chattin
*Counsel for Plaintiff*