## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DE'KELVIN RAFAEL MARTIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TIMOTHY WARD, Commissioner, )<br>   Georgia Department of Corrections; )<br>)<br>)<br>BENJAMIN FORD, Warden, )<br>   Georgia Diagnostic and )<br>   Classification Prison; )<br>)<br>Defendants. )<br>_____) | Civil Action No.<br>1:18-cv-04617-MLB |

## JOINT MOTION TO EXTEND THE FACT DISCOVERY DEADLINE AND CORRESPONDING EXTENSION OF CASE DEADLINES

In accordance with Fed. R. Civ. P. 16(b)(4) and Civil Local Rule 26.2(B), the Parties jointly request that this Court enter an order extending the fact discovery deadline and corresponding case deadlines in this action by one hundred and twenty (120) days.

In support of this Motion, the Parties respectfully aver as follows:

1. On July 27, 2021, the Court granted an extension of fact discovery until January 24, 2022. (Dkt. No. 81.)

2. Following the entry of the Court's Order extending fact discovery, the parties have worked diligently to resolve any outstanding discovery issues.

3. Specifically, the parties have been in the process of negotiating a complex deposition protocol to accommodate anonymous remote depositions and regularly conferring regarding ongoing document discovery disputes.

4. Defendants have also been working to anonymously identify relevant party and third-party witnesses for depositions.

5. Given the confidentiality concerns that are unique given the nature of this case, the Parties need additional time to complete fact discovery.

6. The deposition protocol the Parties are currently negotiating will require most, if not all, depositions of Defendants' witnesses and third parties to be taken remotely and via technology that will protect the witness' anonymity. Not only has negotiating this protocol been a lengthy and complex process, the logistics of taking these depositions will render necessary an extension of time to complete fact discovery.

7. Accordingly, the Parties request that this Court grant an additional extension of the fact discovery deadline and a corresponding extension of case deadlines for one hundred and twenty (120) days.

8. The Court has broad authority to control its docket. *See, e.g.*, *James v. Hunt*, 761 F. App'x 975, 981 (11th Cir. 2018) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (Cardozo, J.)) (explaining a court's power to stay proceedings is incidental to its inherent power to control the disposition of the cases on its docket to save the time and effort of the court, counsel, and the parties).

9. This is the third time that the Parties are seeking an extension of the discovery deadlines.

10. All Parties join in this request and, therefore, there will be no prejudice to any Party.

11. This request is submitted in good faith and is not intended to cause unnecessary burden or needless expense.

12. For the foregoing reasons, good cause exists to extend the fact discovery deadline and for a corresponding extension of case deadlines.

Respectfully submitted, this 5th day of January, 2022.

*/s/ John C. Toro*
John C. Toro
Georgia Bar No. 175145
J. Andrew Pratt
Georgia Bar No. 465311
Danielle Chattin
Georgia Bar No. 486940
Elliott A. Foote

*/s/ Sabrina D. Graham*
Sabrina D. Graham
Georgia Bar No. 305755
Senior Assistant Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334

*Counsel for Defendants*

Georgia Bar No. 562482
KING & SPALDING LLP
1180 Peachtree Street N.E.
Atlanta, Georgia 30309
Tel.: (404) 572-4600
Fax: (404) 572-5100
jtoro@kslaw.com
apratt@kslaw.com
dchattin@kslaw.com
efoote@kslaw.com

Nathan Potek
Federal Defender Program, Inc.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
(404) 688-7530

*Counsel for Plaintiff*