IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DE'KELVIN RAFAEL MARTIN,        )<br>                                                           )<br>    Plaintiff,                              )<br>                                                           )<br>v.                                                       )<br>                                                           )<br>TIMOTHY WARD, Commissioner,    )<br>    Georgia Department of Corrections;  )<br>                                                           )<br>                                                           )<br>BENJAMIN FORD, Warden,              )<br>    Georgia Diagnostic and               )<br>    Classification Prison;                  )<br>                                                           )<br>    Defendants.                             )<br>_____)  | Civil Action No.<br>1:18-cv-04617-MLB |

## STIPULATION AND ORDER CONCERNING PROTOCOL FOR CONDUCTING DEPOSITIONS

Plaintiff De'Kelvin Rafael Martin and Defendants Timothy Ward and Benjamin Ford (collectively, the "Parties"), by undersigned counsel, jointly stipulate to the following protocol for conducting depositions in the above-captioned matter. In order to permit Plaintiff to discover information relevant to his claims without disclosing the identifying information of individuals and entities who participate in or otherwise facilitate judicial executions, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties stipulate, and it is hereby ORDERED:

1

1. Defendants will not be required to disclose to anyone, including Plaintiff and counsel for Plaintiff:

   a. the identity of any officers, employees, agents and/or contractors, including Defendants' employees, who have procured or presently procure drugs, supplies, or equipment for use in lethal injections;

   b. the identity of any officers, employees, agents and/or contractors who administer Georgia's current lethal injection protocol, including any physicians, members of Defendants' IV team and IV Nurses, correctional officers who serve or have served on Defendants' Special Escort Team for executions, members of Defendants' Injection Team for Executions, or security personnel who have participated or presently participate in executions, and participants and supervisors in the Critical Incident Debriefing Team meetings following executions;

   c. the identity of all suppliers, manufacturers, and distributors involved in Georgia's current lethal injection protocol, including those who supply equipment used under Georgia's current lethal injection protocol and provide, transport, and/or store active pharmaceutical ingredients, drugs, or other substances;

   d. the identity of all pharmacies and pharmacists who have compounded drugs or other substances used in Georgia's current lethal injection protocol.

   e. The identity of any person for whom Defendants reasonably believe disclosure would lead to the discovery of any of those persons identified above.  In the event Defendants rely on this subparagraph to avoid disclosure, Defendants shall be required to articulate the good faith basis of their belief at the time of objection.  The Parties will meet and confer in good faith regarding any such objection.

2. "Confidential Material" means documents, discovery responses, electronically stored information, or other tangible things produced during discovery as well as all testimony at any deposition or pretrial hearing or proceeding in this action, whether in response to any discovery request or subpoena made pursuant to the Federal Rules of Civil Procedure or otherwise, and any copies, abstracts, excerpts, analyses, summaries, or other materials (whether in written, electronic, or other form) which contain, reflect, or disclose information from such documents, testimony or other materials. Should any Confidential Material be produced or disclosed in connection with any deposition governed by this protocol, it shall be held in confidence by the Parties and will be used solely for the purpose of this litigation.

3. Plaintiff's counsel will provide Defendants' counsel a list of witnesses for depositions identified by position or topic about which each witness shall be able to testify.

4. In response to Plaintiff's list of requested deposition witnesses, if Defendants contend that any of their proposed witnesses are individuals that fall within the categories defined in Paragraph 1, counsel for Defendants will provide counsel for Plaintiff with a unique, anonymous identifier for each proposed witness, as well as a general description of each person's credentials or title as it relates to

3

his or her duties under Georgia's lethal injection protocol (for example "Nurse 1" or "Emergency Medical Technician 1"), as well as his or her role(s) within the execution team (for instance "Team Leader" or "Injection Team Member").

    a.    Counsel for Plaintiff may not conduct investigations of those individuals listed in Paragraph 1 in an effort to determine their identities, including but not limited to contacting schools, former employers, or credentialing agencies in an effort to obtain additional information regarding these individuals. The Parties shall meet and confer in good faith regarding inquiries into the education, professional background, board certification, licensing or credentialing of the individuals listed in Paragraph 1. Defendants shall provide such information in the form of a written affidavit from the witness at least seven (7) days prior to the deposition. The Parties will meet and confer prior to the deposition about the appropriate scope of inquiry into the same.

    b.    Plaintiff reserves the right to seek modification of the terms of Paragraphs 1 and 4 if information is withheld to such an extent that Plaintiff cannot ascertain whether the information has been properly withheld in accordance with the terms of the Court's March 30, 2021 Opinion & Order, Dkt. No. 73. Nothing in this Order shall be construed to prevent Plaintiff from challenging the withholding of any information by Defendants, including information pertaining to any entity or individual listed in Paragraph 1 or offered by Defendants as a witness.

5.    If Defendants believe any individual identified by Plaintiff for deposition falls within the categories listed in Paragraph 1, the Parties agree to protect the identity of those individuals by using a mutually agreeable system that will electronically alter the deponents' voices and shield the deponents from view.

6. Depositions in this matter are to be conducted via remote means using secure videoconference technology. The deponent, court reporter, and counsel for the Parties will each participate in the videoconference deposition remotely and separately; provided, however, that Defendants' counsel may participate in the same room with any deponent who Defendants' counsel represents. The court reporter and any other videoconference support staff will sign the Confidentiality Undertaking attached hereto as Exhibit A.

7. The deponent's statements shall be audible to all participants, and they should each strive to ensure their environment is free from noise and distractions.

8. No counsel shall initiate a private conference, including but not limited to through text message, electronic mail, or the chat feature in the videoconferencing system, with any deponent while a question is pending or while the deposition is on the record. Should Defendants need to consult with the witness about privilege or confidentiality matters, the Parties shall go off the record to allow for such discussions.

9. Remote depositions shall be recorded by stenographic means consistent with the requirements of Federal Rule of Civil Procedure 30(b)(3), but the court reporter will not be required to be physically present with the deponent. The Parties agree not to challenge the validity of any oath administered by the court reporter in

any forum, even if the court reporter is not a notary public in the state where the deponent resides.

10. The Parties agree that the court reporter is an "Officer" as defined by Federal Rule of Civil Procedure 28(a)(2) and shall be permitted to administer the oath to the deponent via the videoconference.

11. Every deponent shall have access to technology sufficient to appear for a videotaped deposition (e.g., a webcam and computer and telephone audio), and bandwidth sufficient to sustain the remote deposition. For any deponent whose identity Defendants contend must be shielded from disclosure (including non-party deponents), Defendants' counsel shall consult with the deponent (or deponent's counsel if represented separately) prior to the deposition to ensure the deponent has the required access to technology. If not, Defendants' counsel shall make available for the deponent the required technology prior to the deposition.

12. The Parties agree that this Stipulation and Order applies to remote depositions of non-parties under Federal Rule of Civil Procedure 45 and that the Parties shall work in a collaborative manner in attempting to schedule remote depositions of non-parties. The Party noticing any non-party deposition shall provide this Stipulation and Order to any non-party under Federal Rule of Civil Procedure Rule 45 within a reasonable time before the date of the deposition.

13. If Plaintiff believes that an individual's identity is improperly withheld, Plaintiff shall raise the matter with Defendants. The Parties shall engage in a good faith effort to resolve the dispute. Should the Parties be unable to resolve the objection informally, Plaintiff will promptly submit such dispute to the Court for resolution. Until the Court resolves the dispute, the identities of any disputed individuals shall be treated as protected and subject to the conditions set forth in this Order. If a dispute arises during the course of the deposition, and the Court is not available to resolve the objection, the Parties shall leave the deposition open until the Court resolves the dispute.

14. This Protocol is without prejudice to the rights of any Party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any Party to make evidentiary objections at trial.

15. Nothing in this Protocol may be construed as a ruling that any particular document or item of information is or is not: (a) confidential; (b) privileged; (c) relevant; (d) material to any matter at issue; (e) authentic; or (f) admissible in evidence at trial or any hearing.

This 11th day of May, 2022.

/s/ John C. Toro
John C. Toro

Ga. Bar No. 175145
J. Andrew Pratt
Ga. Bar No. 465311
Danielle Chattin
Ga. Bar No. 486940
Elliott A. Foote
Ga. Bar No. 562482
KING & SPALDING LLP
1180 Peachtree Street N.E.
Atlanta, Georgia 30309
Tel.: (404) 572-4600
Fax: (404) 572-5100
jtoro@kslaw.com
apratt@kslaw.com
dchattin@kslaw.com
efoote@kslaw.com

Nathan Potek
Federal Defender Program, Inc.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
(404) 688-7530

*Counsel for Plaintiff*

AND

*/s/ Sabrina D. Graham*
Sabrina D. Graham
Senior Assistant Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334

*Counsel for Defendants*

SO ORDERED this 11th day of May, 2022.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

# **Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DE'KELVIN RAFAEL MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 1:18-cv-04617-MLB |
| TIMOTHY WARD, Commissioner, | ) | |
| Georgia Department of Corrections; | ) | |
| | ) | |
| BENJAMIN FORD, Warden, | ) | |
| Georgia Diagnostic and | ) | |
| Classification Prison; | ) | |
| | ) | |
| Defendants. | ) | |

# **CONFIDENTIALITY UNDERTAKING**

I, _____, being duly sworn, state that:

1. My address is

_____.

2. My present employer is _____ and the address of my present employment is

_____.

3. My present occupation or job description is

_____.

4. I have carefully read and understood the provisions of the Stipulation and Order Concerning Protocol for Conducting Depositions in this case signed by the Court, and I will comply with all provisions of the Protocol.

5. I will hold in confidence and not disclose to anyone not qualified under the Order the identities of individuals listed in Paragraph 1 and any other Confidential Material disclosed to me.

6. I will limit use of Confidential Material disclosed to me solely for purpose of this Action.

7. Upon receipt of written request by one of the Parties to this Action or their Counsel of Record (listed in the Protective Order above), I will return, within ten (10) business days, all Confidential Material and summaries, abstracts, and indices thereof which came into my possession during this Action.

8. I understand that contempt sanctions may be entered for violation of this Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Order.

I declare under penalty of perjury that the foregoing is true and correct.

3

Dated: _____

_____
[Signature]